1 David J. McGlothlin, Esq. (SBN: 253265)
  david@westcoastlitigation.com
2 Joshua B. Swigart, Esq. (SBN: 225557)
  josh@westcoastlitigation.com
3 **Hyde & Swigart**
4 411 Camino Del Rio South, Suite 301
5 San Diego, CA 92108
  (619) 233-7770
6 (619) 297-1022

7
  Attorneys for Plaintiff
8 Stephen Wood

9



E-filing

10              **UNITED STATES DISTRICT COURT**
11              **NORTHERN DISTRICT OF CALIFORNIA**

12

13 Stephen Wood                          Case No:
                                         **cv 11 2280** EMC
14               Plaintiff,
                                         **Complaint For Damages**
15 v.
                                         **Jury Trial Demanded**
16 The Receivable Management
   Services Corporation d/b/a RMS
17
18               Defendant.
19

20                          **INTRODUCTION**

21 1. The United States Congress has found abundant evidence of the use of
22    abusive, deceptive, and unfair debt collection practices by many debt
23    collectors, and has determined that abusive debt collection practices
24    contribute to the number of personal bankruptcies, to marital instability, to the
25    loss of jobs, and to invasions of individual privacy. Congress wrote the Fair
26    Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter
27    "FDCPA"), to eliminate abusive debt collection practices by debt collectors,
28    to insure that those debt collectors who refrain from using abusive debt



**HYDE & SWIGART**
Phoenix, Arizona

1 collection practices are not competitively disadvantaged, and to promote

2 consistent State action to protect consumers against debt collection abuses.

3 2. The California legislature has determined that the banking and credit system

4 and grantors of credit to consumers are dependent upon the collection of just

5 and owing debts and that unfair or deceptive collection practices undermine

6 the public confidence that is essential to the continued functioning of the

7 banking and credit system and sound extensions of credit to consumers. The

8 Legislature has further determined that there is a need to ensure that debt

9 collectors exercise this responsibility with fairness, honesty and due regard

10 for the debtor's rights and that debt collectors must be prohibited from

11 engaging in unfair or deceptive acts or practices.

12 3. Stephen Wood, (Plaintiff), through Plaintiff's attorneys, brings this action to

13 challenge the actions of The Receivable Management Services Corporation d/

14 b/a RMS, ("Defendant"), with regard to attempts by Defendant to unlawfully

15 and abusively collect a debt allegedly owed by Plaintiff, and this conduct

16 caused Plaintiff damages.

17 4. Plaintiff makes these allegations on information and belief, with the exception

18 of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which

19 Plaintiff alleges on personal knowledge.

20 5. While many violations are described below with specificity, this Complaint

21 alleges violations of the statutes cited in their entirety.

22 6. Unless otherwise stated, all the conduct engaged in by Defendant took place

23 in California.

24 7. Any violations by Defendant were knowing, willful, and intentional, and

25 Defendant did not maintain procedures reasonably adapted to avoid any such

26 violation.

27 //

28 //

HYDE & SWIGART
Phoenix, Arizona

1                           **JURISDICTION AND VENUE**

2    8.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. §

3         1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

4    9.   This action arises out of Defendant's violations of the Fair Debt Collection

5         Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair

6         Debt Collection Practices Act, California Civil Code §§ 1788-1788.32

7         ("Rosenthal Act").

8    10.  Because Defendant does business within the State of California, personal

9         jurisdiction is established.

10   11.  Venue is proper pursuant to 28 U.S.C. § 1391.

11   12.  At all times relevant, Defendant conducted business within the State of

12        California.

13                               **PARTIES**

14   13.  Plaintiff is a natural person who resides in the City of Santa Rosa, State of

15        California.

16   14.  Defendant is located in the City of Bethlehem, in the State of Pennsylvania.

17   15.  Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer"

18        as that term is defined by 15 U.S.C. § 1692a(3).

19   16.  Defendant is a person who uses an instrumentality of interstate commerce or

20        the mails in a business the principal purpose of which is the collection of

21        debts, or who regularly collects or attempts to collect, directly or indirectly,

22        debts owed or due or asserted to be owed or due another and is therefore a

23        debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

24   17.  Plaintiff is a natural person from whom a debt collector sought to collect a

25        consumer debt which was due and owing or alleged to be due and owing from

26        Plaintiff, and is a "debtor" as that term is defined by California Civil Code §

27        1788.2(h).

28

HYDE & SWIGART
Phoenix, Arizona

18. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

19. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

20. Sometime before February 26, 2011, Plaintiff is alleged to have incurred certain financial obligations.

21. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

22. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

23. Sometime thereafter, but before February 26, 2011, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

24. Subsequently, but before February 26, 2011, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

25. On or about February 26, 2011, Defendant mailed a dunning letter to Plaintiff. A few days later, Plaintiff received that letter.

HYDE & SWIGART
Phoenix, Arizona

- 4 of 7 -

26. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

27. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

28. Subsequently, on or about March 3, 2011, well within the thirty-day period described in 15 U.S.C. § 1692(g), Plaintiff notified Defendant in writing, that this alleged debt was disputed.

29. In Plaintiff's dispute, Plaintiff provided a copy of his bank statement, proving the debt had been previously paid.

30. Despite Plaintiff's dispute letter, Defendant again sent Plaintiff a letter attempting to collect the alleged debt.

31. By communicating with Plaintiff by mail before validating the debt, as required pursuant to 15 U.S.C. § 1692g(b), Defendant violated 15 U.S.C. § 1692g. Because this communication did not comply with 15 U.S.C. § 1692g, this communication also violated Cal. Civ. Code § 1788.17.

32. Since Plaintiff had previously paid the alleged debt, and provided Defendant proof of this payment, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1).

33. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

//
//

HYDE & SWIGART
Phoenix, Arizona

HYDE & SWIGART
Phoenix, Arizona

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

34.  Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

35.  The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

36.  As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

37.  Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

38.  The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

39.  As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

1  **PRAYER FOR RELIEF**

2   WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and

3   Plaintiff be awarded damages from Defendant, as follows:

4   • An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

5   • An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §

6      1692k(a)(2)(A);

7   • An award of costs of litigation and reasonable attorney's fees, pursuant

8      to 15 U.S.C. § 1692k(a)(3);

9   • An award of actual damages pursuant to California Civil Code §

10     1788.30(a);

11  • An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code

12     § 1788.30(b);

13  • An award of costs of litigation and reasonable attorney's fees, pursuant

14     to Cal. Civ. Code § 1788.30(c).

15  40.  Pursuant to the seventh amendment to the Constitution of the United States of

16     America, Plaintiff is entitled to, and demands, a trial by jury.

17

18  Respectfully submitted,

19                               **Hyde & Swigart**

20

21  Date: _____5/6/11_____     By: _____

22                               David J. McGlothlin

                                 Attorneys for Plaintiff

23

24

25

26

27

28

HYDE & SWIGART
Phoenix, Arizona